FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

FRANCISCO CARRETO DIAZ,

            Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

            Respondent.

No.   19-73070

Agency No. A095-762-510

MEMORANDUM[*]

---

On Petition for Review of an Order of an
Immigration Judge

Submitted June 17, 2022[**]
San Francisco, California

Before:  S.R. THOMAS, BEA, and H. THOMAS, Circuit Judges.

Petitioner Francisco Carreto Diaz, a native and citizen of Mexico, seeks

review of the order of an Immigration Judge (IJ) that rejected Carreto Diaz's appeal

from an asylum officer's determination that Carreto Diaz lacked a reasonable fear

of persecution or torture.   Because the parties are familiar with the facts, we do not

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

recount them here except as necessary to provide context for our ruling. We review legal questions de novo and the agency's factual findings for substantial evidence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.

Carreto Diaz claims that he fears persecution and torture from three sources: 1) robbers who repeatedly robbed the Coca-Cola delivery trucks that Carreto Diaz used to drive; 2) his brother, a local cartel leader; and 3) other cartels or individuals who Carreto Diaz believes will target him because of his close family relation to his brother, the cartel leader. On this basis, he seeks withholding of removal and relief under the Convention Against Torture (CAT).[1]

To qualify for withholding of removal, an applicant must demonstrate a "'clear probability' of future persecution" on account of "race, religion, nationality, political opinion, or membership in a particular social group." *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003)). The IJ reasonably found that Carreto Diaz failed to establish his eligibility for withholding of removal. Carreto Diaz did not establish that the robberies he suffered in the past were on account of any protected ground. And as for Carreto Diaz's cartel-member brother, the IJ reasonably found that Carreto Diaz

---

[1] To the extent Carreto Diaz seeks asylum, he is ineligible because he is subject to a reinstated order of removal. *See Perez-Guzman v. Lynch*, 835 F.3d 1066, 1082 (9th Cir. 2016).

2

was not harmed or persecuted in the past (either by Carreto Diaz's brother or by other individuals) and had not presented "credible, direct, and specific evidence" that he has an objectively reasonable fear of future persecution. *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013).

To be eligible for CAT relief, Carreto Diaz must show that he will, more likely than not, be tortured with the consent or acquiescence of a public official if removed to his native country. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). The IJ reasonably found that Carreto Diaz did not establish his eligibility for CAT relief. As to the robberies, Carreto Diaz reported that the police made some efforts to solve them, and regardless, "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia*, 828 F.3d at 836. And as for Carreto Diaz's other theories, the IJ reasonably determined that his brother's threats against his sisters did not "rise[] to the level of [past] torture" and that Carreto Diaz had not established that he was more likely than not to be tortured in the future, either by his brother or by anyone else.

Petition for review **DENIED.**